ST. JOHN v. SWAIN.

(*Supreme Court, General Term, Fifth Department.*  June 2, 1891.)

MORTGAGES—FORECLOSURE—RIGHT TO GROWING CROPS.
  A sale of land under a mortgage does not affect the right of a tenant of the mortgagor to crops growing on the mortgaged land, where such tenant was not made a party to the foreclosure proceedings.

Appeal from Erie county court.

Action by Frederick St. John against Conrad Swain, Jr. From a judgment entered on a verdict, and from an order denying defendant's motion for a new trial on the minutes in a case appealed from a judgment rendered by a justice of the peace, defendant appeals.

Argued before DWIGHT, P. J., and MACOMBER, J.

*Frank L. Barnet*, for appellant. *Joseph E. Ewell*, for respondent.

MACOMBER, J. This action was brought to recover the value of certain farm crops raised by the plaintiff upon his mother's land. One C. G. Funke held a mortgage upon the farm, and he, on the 12th day of June, 1888, began an action to foreclose the mortgage, but this plaintiff was not made a party to that action. Under a judgment rendered in the foreclosure case the farm was sold on the 7th day of September, 1888, and bid in by the mortgagor, but a deed to him was not delivered until October 9th of that year, when, simultaneously with receiving the referee's deed, Funke conveyed the lands to this defendant. At the time of the beginning of the action for foreclosure there were growing upon the farm certain crops belonging to the plaintiff, consisting of corn, potatoes, and buckwheat. After the sale, but before the delivery of the referee's deed, the corn and buckwheat were cut, and put into shocks, and remained on the farm until after the referee's deed was delivered. The potatoes, however, were not harvested until the following November. After the plaintiff ascertained that the defendant had received a deed of the premises, negotiations were had between him and the defendant respecting the ownership of the crops. The defendant claimed to own them, on the ground, mainly, that they had not been harvested and removed before the sale; and the plaintiff, being apparently doubtful of his legal rights, conceded a portion of the claim made by the defendant. An arrangement was made between the parties, which is not necessary to consider in this case, because it never became an executed agreement, and no consideration passed from one to the other in respect thereto. The question, therefore, in this case relates solely to the legal proposition contended for by the counsel for the plaintiff, that he had a right to remove these crops at the time stated, and that the defendant, in preventing him from so doing, and himself taking possession of them, converted the same to his own use. It admits of no doubt that the plaintiff was unaffected by the judgment in the foreclosure action. Wilt. Mortg. Forec. (1st Ed.) § 59, p. 133. This conclusion renders it unnecessary to consider the question as to what might be the effect of a judgment, sale, and delivery of the deed had the plaintiff been a party to the foreclosure suit. Yet it is quite clear that, even by the terms of the judgment, the defendant had no right to the possession of the premises, and hence no right to any cut or growing crops thereon, until he had received his deed, for it was expressly provided by the judgment that the purchaser should be let in, not upon proof of a judicial sale, but upon the production of the referee's deed, made and executed under the authority of the court in pursuance of such judicial sale.

The judgment and order appealed from should be affirmed, with costs.